IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-5-D

| | | |
|---|---|---|
| AMANDA GAIL HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBESON COUNTY, | ) | |
| NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 3, 2010, plaintiff Amanda Gail Hill filed a motion for certification of interlocutory appeal of this court's May 20, 2010 order dismissing certain claims against certain defendants [D.E. 116]. Specifically, plaintiff contends that this court should permit an interlocutory appeal concerning whether "Robeson County is answerable for the conduct of former Robeson County Offender Resource Commission . . . employee, Hollis Britt." Id.

Under 28 U.S.C. § 1292(b), a district court may certify an appeal from an interlocutory order. In analyzing a motion under 28 U.S.C. § 1292(b), a district court should consider whether the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [whether] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Such certifications are the exception, not the rule, and district courts should strictly construe section 1292(b). See, e.g., City of Charleston v. Hotels.com, LP, 586 F. Supp. 2d 538, 542 (D.S.C. 2008).

The court is very familiar with plaintiff's contention that Robeson County can be liable for Britt's conduct. See Hill v. Robeson County, No. 7:09-CV-5-D, slip op. at 7–18 (E.D.N.C. May 20, 2010) (unpublished). The court does not believe that there is substantial ground for difference of

opinion on the legal issue or that an interlocutory appeal may materially advance the ultimate termination of the litigation. Accordingly, plaintiff's motion [D.E. 116] is DENIED.

SO ORDERED. This 2 day of July 2010.

JAMES C. DEVER III
United States District Judge